UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CENTRAL MAINE POWER COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES, WILLIAM SCHNEIDER, DAVID R. HASTINGS III, SARAH E. LECLAIRE, DENNIS MARBLE, STACEY D. NEUMANN, and AARON FREY, in his capacity as Attorney General,<br><br>        Defendants. | Civil Action No. 1:23-cv-00450-NT |

## MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE PLUS

Protect Maine Elections hereby moves for leave to participate in the presentation, briefing and argument in the above-captioned matter as "*amicus curiae* plus" in the manner set forth below on the following grounds:

1.      Movant Protect Maine Elections is a Maine ballot question committee formed on September 9, 2021 and nonprofit corporation organized on August 5, 2022 that is committed to reforming the democratic process and combating corruption in elections and government at all levels. It coordinates a broad coalition of election reform organizations and groups, including American Promise, Maine Citizens for Clean Elections, The League of Women Voters of Maine, Represent US, Veterans for all Voters, and the Campaign Legal Center and is supported by a bipartisan group of current and former members of Congress and the Maine legislature; business and community leaders; and candidates for public office.

1

2. Protect Maine Elections was instrumental in the passage of "An Act to Prohibit Campaign Spending by Foreign Governments and Promote an Anticorruption Amendment to the United States Constitution" (the "**Legislation**"), which the voters of the State of Maine enacted on November 7, 2023 by the largest margin of approval of any of the more than 100 measures submitted to the electorate in the 115-year history of Maine ballot questions.

3. The constitutionality of the Legislation is the subject of the above-captioned action.

4. Protect Maine Elections led the referendum campaign in favor of the Legislation by, *inter alia*, participating in the drafting of the Legislation, obtaining the requisite number of voter signatures for placement of the Legislation on the ballot, and conducting an extensive campaign of public education in support of the measure.

5. Because of this work, Protect Maine Elections is uniquely positioned to defend the Legislation from attack. During the course of its work developing, promoting and explaining the Legislation, Protect Maine Elections has accumulated specialized knowledge and experience with the issues raised by the Plaintiffs in this case with respect to the constitutionality of campaign finance regulations in general and the provisions of the Legislation in particular. Protect Maine Elections' relationship with other similar election reform organizations and movements across the United States gives it access to additional knowledge and expertise that can provide helpful and relevant input to the Court in deciding the issues raised by this case.

6. Should the Court grant this Motion, Protect Maine Elections will be represented in these proceedings by attorneys from the Campaign Legal Center, a nonprofit public interest law firm located in Washington, D.C., as lead counsel and by the undersigned as local counsel. The Campaign Legal Center is dedicated to promoting and safeguarding "every American's right to responsive government and a fair opportunity to participate in and affect the democratic process."

The Campaign Legal Center and its attorneys have litigated election finance issues in state and Federal court across the United States and have recognized expertise and experience with questions of the kind raised by this litigation.

7. Specifically, Protect Maine Elections requests permission from the Court to participate in this case as *amicus curiae* plus and in that capacity to be permitted to (a) file briefs on the legal and factual issues submitted to the Court for decision and (b) provide evidence and testimony on factual issues as such testimony may be deemed relevant, helpful and non-duplicative by the Court on the same time schedule as briefs and testimony will be submitted by the Defendants.

8. Protect Maine Elections acknowledges and agrees that the enhanced role of an *amicus curiae* plus sought here does not include the right to initiate any measures of discovery or to seek any continuance or scheduling accommodations of hearings or deadlines.

9. "The district court retains the inherent authority to appoint *amicus curiae* to assist it in a proceeding" and may, in an exercise of its discretion, "determine the fact, extent, and the manner of participation by the *amicus*." *All. of Auto. Mfrs. v. Gwadowsky,* 297 F. Supp. 2d 305, 306–307 (D. Me. 2003).

10. This Court has previously granted so-called "amicus plus" status in this exact situation—i.e., when the group that advocated for passage of a citizen initiative (here, Protect Maine Elections) asks for leave to participate as an *amicus curiae* in litigation involving a constitutional challenge to that initiative. *Daggett v. Webster*, 190 F.R.D. 12, 13–14 (D. Me. 1999) (*Hornby, J.*) The *Daggett* decision counsels in favor of this Court exercising its discretion to grant this Motion.

11. Undersigned counsel has communicated with Defendants' counsel, who have stated that Defendants have no objection to the granting of this Motion and to the participation of Protect Maine Elections as described herein.

12. Undersigned counsel has communicated with Plaintiff's counsel, who have stated that Plaintiff wishes to reserve its position on this Motion and the participation of Protect Maine Elections as described herein, and accordingly does not consent to the granting of this Motion at this time.

DATED:  January 2, 2024

/s/ Peter L. Murray
Peter L. Murray
pmurray@mpmlaw.com

/s/ Sean R. Turley
Sean R. Turley
sturley@mpmlaw.com

*Counsel for Protect Maine Elections*

MURRAY PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104-5085
(207) 773-5651