UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CENTRAL MAINE POWER COMPANY,<br><br>                               Plaintiff,<br><br>v.<br><br>MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES, *et al.*,<br><br>                               Defendants. | Case No. 23-cv-00450 |

**PLAINTIFF'S OPPOSITION TO PROTECT MAINE ELECTIONS'
<u>MOTION TO PARTICIPATE AS *AMICUS CURIAE* PLUS</u>**

Plaintiff Central Maine Power Company ("CMP") hereby opposes in part the motion to participate as an "amicus curiae plus" filed by Protect Maine Elections. Protect Maine Elections has no substantial interest that is not adequately protected by the Defendants in this case, including the Attorney General and the Maine Commission on Governmental Ethics and Election Practices (collectively, the "State"). Further, there is no need for Protect Maine Elections to separately provide evidence in this matter, beyond legislative facts that can be introduced in briefs filed by traditional amicus parties or by the State without evidentiary submissions. Accordingly, CMP respectfully requests that Protect Maine Elections' motion be denied to the extent that the organization seeks the opportunity to provide evidence and testimony on factual issues. CMP does not object to Protect Maine Elections' request to the extent that it contemplates participation as a traditional amicus curiae, provided (1) that its brief is limited to 35 pages and (2) that it is required to file its brief on the date that the State must file its opposition under the Court's current scheduling order. In support of this position, CMP states as follows:

1.     The Federal Rules of Civil Procedure do not address amicus curiae; nevertheless, "the district court retains the inherent authority to appoint amicus curiae to assist it in a proceeding." *Verizon N.E. v. Me. Pub. Utils. Comm'n*, 229 F.R.D. 335 (D. Me. 2005) (quotation marks omitted).  Although granting amicus status is within the discretion of the court, "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Animal Protection Inst. v. Martin*, 2007 WL 647567, at *2 (D. Me. Feb. 23, 2007) (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)).

2.     This Court has permitted the participation of a traditional amicus curiae if certain requirements are fulfilled, namely: "(1) an adequate interest, (2) desirability, and (3) relevance." *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017).  The Court should exercise caution, however, in permitting an amicus curiae to do more than submit a brief, given the judicial inefficiencies caused by the participation of an amicus curiae.  *See Animal Protection Inst.*, 2007 WL 647567, at *2 (citing *Voices for Choice v. Ill. Bell Tel. Co.*, 229 F.3d 542, 544 (7th Cir. 2003) (Posner, J.)); *Daggett v. Webster*, 190 F.R.D. 12, 14 (D. Me. 1999).  Protect Maine Elections has not demonstrated grounds for participating as an "amicus curiae plus."

3.     The Attorney General is obligated to defend the law, 5 M.R.S. § 191, and is the proper legal representative entrusted with the defense of the validity of the State's laws.  *See Daggett*, 190 F.R.D. at 14.  Indeed, in the initial conference the Court convened shortly after the initiation of this and the related actions concerning the Initiative, the Court questioned counsel for the State on its intent to defend the Initiative vigorously, which intention the State confirmed.  Accordingly, Protect Maine Elections does not—and cannot—claim that the State's defense of the

#16743720v5

Initiative will be inadequate in any way. Nor does Protect Maine Elections suggest that it will raise any argument that the State will not raise. *Cf. id.* at 13 n.1 ("In defending state legislation, Maine's Attorney General's Office typically performs in the highest professional manner, equal to the skill and performance of private lawyers.").

4. Instead, Protect Maine Elections suggests that it has an interest in the outcome of the litigation based upon its role as the ballot question committee responsible for approval of the Initiative. *See* Dkt. No. 15 at ¶¶ 1-4. It further suggests that it has specialized experience and knowledge relating to the constitutional issues raised in this case, although it identifies none with any degree of specificity. *Id.* at ¶ 5.

5. Protect Maine Elections' status as a ballot question committee supporting the Initiative simply establishes that it has a "generalized ideological interest in the lawsuit," namely, "seeing that the government zealously enforces some piece of legislation that the organization supports." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 782 (6th Cir. 2007). This is not enough to set Protect Maine Elections apart from any other citizen with an interest in enforcement of the Initiative, and thus its interest "cannot be deemed substantial" for purposes of participation beyond that of a traditional amicus curiae. *Id.*; *see id.* at 781 (stating that, for purposes of Rule 24, an organization involved in the process leading up to adoption of an initiative "does not have a substantial legal interest in the subject matter of a lawsuit" that challenges the legality of enforcing the law, as opposed to a lawsuit relating to the procedure required to pass the law). More should be required for "amicus curiae plus" status. *See generally Daggett v. Comm'n on Govtl. Ethics & Elec. Pracs.*, 172 F.3d 104, 110 (1st Cir. 1999) (noting protectable interest of party granted amicus curiae plus status: "the applicants belong[ed] to a small group, quite distinct from

the ordinary run of citizens, who could expect to receive direct payments for their campaigns if the Reform Act [were] upheld but not otherwise").

6. Protect Maine Elections has no specialized knowledge that is not in the possession of the Attorney General's office. This case involves a state statute, not the statute of some other state; Supreme Court and other case law that govern the issues are easily identifiable; and the Attorney General's office can take full advantage of Protect Maine Elections' resources as necessary and helpful in defending the Initiative. *Daggett*, 190 F.R.D. at 14.

7. Any evidence that is conceivably relevant to the issues at hand would be in the nature of legislative facts that can be adequately provided in briefs, rather than trial evidence. *See Daggett*, 172 F.3d at 112 ("So-called 'legislative facts,' which go to the justification for a statute, usually are not proved through trial evidence but rather by material set forth in the briefs, the ordinary limits on judicial notice having no application to legislative facts."). Protect Maine Elections has made no showing that an amicus brief would be insufficient to address any relevant facts. *Id.* And even if there were facts that could not be so presented, Protect Maine Elections could provide such information to the State which could itself submit such evidence. *Id.* at 113.

8. Under these circumstances, Protect Maine Elections' interests are adequately protected by participating as a traditional amicus. *See Carson v. Hasson*, 2018 WL 6382055, at *2 (D. Me. Dec. 6, 2018) (allowing interested party to participate as a traditional amicus curiae); *Animal Protection Inst.*, 2007 WL 657567, at *1, 3 (allowing interested party to participate as an amicus curiae by presenting briefs); *Verizon N.E.*, 229 F.R.D. at 338 (allowing interested party to participate as a traditional amicus curiae only despite their request to present evidence).

9. While this Court has occasionally permitted interested parties somewhat broader rights, as an "amicus curiae plus," it has not allowed as a matter of course the type of participation

#16743720v5

Protect Maine Elections seeks here. This Court, in the limited instances in which it has allowed a party to participate as an "amicus curiae plus," has allowed a party to receive notice and service of documents and events; question witnesses if the Attorney General's office delegated that responsibility to the party; and provide evidence to the Attorney General's office for use by the Attorney General. *See All. of Auto. Mfrs. v. Gwadosky*, 297 F. Supp. 2d 305, 308 (D. Me. 2003); *Daggett*, 190 F.R.D. at 14. In these cases, the Court has not allowed separate submission of evidence, for good reason. Allowing an amicus to participate in the evidentiary process "could seriously compromise judicial efficiency." *Verizon N.E.*, 229 F.R.D. at 338. Moreover, it would defeat the purpose of distinguishing between an intervenor and an amicus, creating "one of the rather strange creatures known as a litigating *amicus*." *All. of Auto. Mfrs.*, 297 F. Supp. 2d at 307.

10. Accordingly, CMP respectfully requests that the Court deny Protect Maine Elections' request to submit evidence. *See* Dkt. No. 15 at ¶ 7.

11. CMP does not object to Protect Maine Elections' request to file amicus briefs on the legal and factual issues submitted to the Court for decision, *see* Dkt. No. 15 at ¶ 7, subject to two conditions: that Protect Maine Elections' brief must be (1) limited to 35 pages, and (2) submitted by January 12, 2023, the deadline established for the State's opposition. *See* Dkt. Nos. 11, 13. Protect Maine Elections' motion does not specify either a proposed page limitation or a deadline for submission.

12. Counsel for CMP has conferred with counsel for Protect Maine Elections. Protect Maine Elections has agreed to file by January 12, 2023, but proposed a 50-page limit for its brief. Protect Maine Elections has not responded to the 35-page limit proposed by CMP.

13. Given that the Initiative will be enforced beginning March 1, 2024, *see* Dkt. No. 11, expedited process is necessary in this case. If that process is delayed, CMP would be severely

prejudiced. As set forth in the Verified Complaint and Motion for Preliminary Injunction, CMP faces the prospect of irreparable harm from the implementation of the Initiative if an injunction is not promptly entered. Specifically, CMP faces the possibility that either it will have to forego exercise of its rights under the First Amendment or its executives will face the possibility of a criminal conviction and jail time. Because of the severity of this deprivation of fundamental rights, this case requires prompt resolution. The participation of Protect Maine Elections in a status beyond that as an amicus, or submission of a brief exceeding 35 pages, threatens to delay resolution of this case and is particularly inappropriate where Protect Maine Elections waited weeks after the commencement of these actions to seek to participate despite knowing of the lawsuits.

For the foregoing reasons, CMP opposes Protect Maine Elections' motion in part and respectfully requests that the Court (1) deny the motion to the extent that it requests the opportunity to submit evidence; and (2) specify that Protect Maine Elections must submit any amicus brief, limited to 35 pages, by January 12, 2024.

Dated: January 5, 2024

/s/ Joshua D. Dunlap
Joshua D. Dunlap
Nolan L. Reichl
Katherine E. Cleary
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
Tel: (207) 791-1100
Fax: (207) 791-1350
nreichl@pierceatwood.com
jdunlap@pierceatwood.com
kcleary@pieceatwood.com

*Attorneys for Plaintiff
Central Maine Power Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will distribute a copy of the document to all counsel of record.

Dated:  January 5, 2024

*/s/ Joshua D. Dunlap*
Joshua D. Dunlap
Nolan L. Reichl
Katherine E. Cleary
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
Tel: (207) 791-1100
Fax: (207) 791-1350
nreichl@pierceatwood.com
jdunlap@pierceatwood.com
kcleary@pieceatwood.com

*Attorneys for Plaintiff
Central Maine Power Company*

.