UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CENTRAL MAINE POWER COMPANY,<br><br>                                      Plaintiff,<br><br>v.<br><br>MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES, *et al.*,<br><br>                                      Defendants. | Case No. 23-cv-00450-NT |

**JOINT MOTION CONCERNING PAGE LIMITS AND TO CONSOLIDATE**

Plaintiff Central Maine Power Company ("CMP") and each Defendant (together, the "State Defendants") jointly move the Court (a) concerning the page limits to govern the on-going briefing over CMP's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") and the similar motions in the related challenges to the Initiative (the "Related Cases"),[1] and (b) to consolidate this matter with the Related Cases pursuant to Federal Rule of Civil Procedure 42.

In support of this Motion, CMP and the State Defendants show as follows:

1.     In their previous motion concerning scheduling (ECF No. 11), which the Court granted (ECF No. 13), the State Defendants represented that the parties would confer concerning page limits to govern the State Defendants' memorandum in opposition to the Motion and each similar such motion in the Related Cases, and the page limits to govern the reply memoranda of CMP and that of each plaintiff in the Related Cases. Per the foregoing motion and order

---

[1] The Related Cases are (1) *Versant Power et al. v. Schneider et al.*, Docket No. 1:23-cv-00451-NT, (2) *Maine Press Association et al. v. Maine Commission on Governmental Ethics and Election Practices et al.*, Docket No. 1:23-cv-452-NT, and (3) *Pringle et al. v. Frey et al.*, Docket No. 1:23-cv-00453-NT.

1

concerning scheduling, the current opposition and reply deadlines are January 12, 2024, and January 31, 2024, respectively.

2. CMP, the State Defendants, and each plaintiff in the Related Cases have conferred and agree that the State Defendants should be permitted to file a single opposition memorandum, not to exceed 75 pages, responding in combined fashion to the Motion and each similar such motion in the Related Cases.

3. CMP, the State Defendants, and each plaintiff in the Related Cases have conferred and agree that it would be appropriate to defer the issue of the length of the plaintiffs' respective reply memoranda until after the State Defendants have filed their opposition memorandum on January 12th. Receipt of the opposition memorandum will allow the plaintiffs an opportunity to better calibrate their page limit proposal. Additionally, as the Court is aware through separate filings, there exists a dispute over the extent to which Protect Maine Elections should be permitted to participate in this litigation and the length of that group's proposed brief, the resolution of which also may impact plaintiffs' page limits proposal. Accordingly, CMP, the State Defendants, and each plaintiff in the Related Cases propose the Court grant the parties until January 19, 2024, to confer concerning page limits for the reply and submit their proposal, or competing proposals, to the Court.

4. Additionally, CMP and the State Defendants, with the consent of all plaintiffs in each of the Related Cases, hereby move to consolidate this action with the Related Cases.

5. Federal Rule of Civil Procedure 42 authorizes the consolidation of actions under certain circumstances. "Consolidation is best understood 'not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them.'" *Sea*

*Salt, LLC v. Bellerose*, Nos. 2:18-cv-00413-JAW, 2:20-cv-00099-JAW, 2021 WL 1431064, at *4 (D. Me. Apr. 15, 2021) (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018)).

6. This Court may consolidate multiple actions if the actions share a "common party" and "common issues of fact or law." *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 9 (1st Cir. 1989); Fed. R. Civ. P. 42. Once this determination is made, a trial court "should consider both equity and judicial economy. If savings of expense and gains of efficiency can be accomplished without sacrifice of justice, a court may find the actions merit consolidation . . . ." *J.J.R. Distrib. Corp. v. Sandler Bros.*, No. 09-cv-210-P-S, 2009 WL 2382778, at *1 (D. Me. July 29, 2009) (quoting *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009)); *Sea Salt, LLC*, 2021 WL 1431064, at *4. A motion for consolidation will usually be granted unless there is "demonstrable prejudice." *McAuto Sys. Grp., Inc.*, 878 F.2d at 8.

7. The four actions—all of which name the Maine Commission on Governmental Ethics and Election Practices, the Commission's members, and the Attorney General as defendants, and all of which challenge the constitutionality of the Initiative—involve a common party and common issues of law.

8. Moreover, equity and the judicial economy will be served by consolidation of these actions. All four actions challenging the constitutionality of the Initiative were filed in early December 2023. The Court held a conference of counsel shortly thereafter where all involved participated, and the current briefing schedule for the pending motions for preliminary injunctive relief have the same deadlines. Consolidating these actions under Rule 42 would formalize how the parties and the Court have been treating these actions since their inception, and would serve judicial economy by eliminating extraneous or redundant filings.

#16752029v3

9.     No party would be prejudiced, and all parties to each action at issue consent to the relief requested herein.

For the foregoing reasons, CMP and the State Defendants respectfully requests that the Court:

- order the State Defendants to file a single memorandum in opposition to the Motion, and each such similar motion in the Related Cases, not to exceed 75 pages by January 12, 2024;

- order CMP and the State Defendants to inform the Court by January 19, 2024, of the parties' position concerning the page length to govern any reply memorandum; and

- order that this action be consolidated with the Related Cases.

Dated:  January 5, 2024

                                                                         */s/ Joshua D. Dunlap*
Joshua D. Dunlap
Nolan L. Reichl
Katherine E. Cleary
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
Tel: (207) 791-1100
Fax: (207) 791-1350
jdunlap@pierceatwood.com
nreichl@pierceatwood.com
kcleary@pieceatwood.com

*Attorneys for Plaintiff*
*Central Maine Power Company*

*/s/ Jonathan R. Bolton*
JONATHAN R. BOLTON
PAUL E. SUITTER
Assistant Attorneys General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
jonathan.bolton@maine.gov
paul.suitter@maine.gov

*Attorneys for State Defendants*

#16752029v3

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will distribute a copy of the document to all counsel of record.

Dated:  January 5, 2024

                                              */s/ Joshua D. Dunlap*
                                              Joshua D. Dunlap
                                              PIERCE ATWOOD LLP
                                              Merrill's Wharf
                                              254 Commercial Street
                                              Portland, ME 04101
                                              Tel: (207) 791-1100
                                              Fax: (207) 791-1350
                                              jdunlap@pierceatwood.com

                                              *Attorney for Plaintiff*
                                              *Central Maine Power Company*